COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-103-CR


CECIL RAY HARRIS                                                               APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------
Introduction
        Appellant, Cecil Ray Harris, pleaded not guilty to possession of a
controlled substance, cocaine, of less than one gram. A jury subsequently
found Appellant guilty, and the trial court sentenced him to eighteen months’
confinement. In three points, Appellant argues that the evidence was legally
and factually insufficient and that the trial court erred by denying his motion to
suppress. We affirm.
Legal and Factual Sufficiency
        In his first two points, Appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. 
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618,
620 (Tex. Crim. App. 2004).
        This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at
319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and
credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Thus, when performing a legal sufficiency review, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1131 (2000). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000). The standard of review is the same
for direct and circumstantial evidence cases. Burden v. State, 55 S.W.3d 608,
613 (Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).
        In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is whether,
considering the evidence in a neutral light, the fact finder was rationally justified
in finding guilt beyond a reasonable doubt. Id. at 484. There are two ways
evidence may be factually insufficient: (1) the evidence supporting the verdict
or judgment, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the contrary
evidence is so strong that guilt cannot be proven beyond a reasonable doubt. 
Id. at 484-85. “This standard acknowledges that evidence of guilt can
‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Id. at 485. In other words,
evidence supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable doubt. Id. 
        In performing a factual sufficiency review, we are to give deference to the
fact finder’s determinations, including determinations involving the credibility
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). We may not substitute our judgment for that of the
fact finder’s. Zuniga, 144 S.W.3d at 482. 
        A proper factual sufficiency review requires an examination of all the
evidence. Id. at 484, 486-87. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).
        On April 19, 2003, at approximately 11:40 p.m., Officer Samuel Moseley
of the Denton Police Department observed a vehicle stopped at a stop sign.
Officer Moseley then observed the vehicle turn without using a turn signal.
Officer Moseley stated that as he began to get behind the vehicle to catch up
to it, the vehicle sped up. Officer Moseley stated that based on his training and
experience, he believed that this indicated that someone was “trying to put
distance between me and them.” As Officer Moseley caught up to the vehicle,
he observed that the rear license plate light was not on. Officer Moseley
initiated a traffic stop on the vehicle for the traffic violations that he observed,
and the vehicle came to a complete stop. Officer Moseley then observed the
driver of the vehicle throw what he described as a white piece of plastic or
piece of paper, out of the driver’s side window. Officer Moseley testified that
the item thrown out of the vehicle “had the appearance of what crack cocaine
is sealed in when they sell it.” Officer Moseley stated that he was unable to
find the item that was thrown out of the vehicle. 
        Officer Moseley made contact with the driver, whom he identified in court
as Appellant. A female passenger was also in the vehicle. Officer Moseley
asked Appellant what he had thrown out of the vehicle, and Appellant replied
“that he hadn’t thrown anything out the window.” At that point, Officer
Moseley asked Appellant to exit the vehicle and placed Appellant in handcuffs
for Officer Moseley’s safety. Officer Moseley took Appellant to the rear of
Appellant’s vehicle and began to question him. 
        Approximately one to two minutes later, Officer Chris Plank arrived and
contacted the female passenger through the driver’s side window. Officer
Plank stated that as he contacted the passenger, he shined his flashlight into
the vehicle and observed what he believed to be a piece of crack cocaine in
plain view on the driver’s seat. Officer Plank stated that the crack cocaine was
in the back of the seat near the crease where the seat and back rest are joined.
Officer Plank called Officer Moseley to the vehicle and pointed out the piece of
crack cocaine on the driver’s seat. At that point Appellant was placed under
arrest for possession of a controlled substance. After Appellant was arrested,
he told Officer Moseley that he had a crack pipe in his front pocket, which was
recovered during a search incident to his arrest. 
        Officer Moseley testified that he did not initially see the crack cocaine on
the seat when Appellant exited the vehicle. Officer Moseley stated that where
the cocaine was located in the seat, he would not have seen it initially because
he was focused on Appellant as he exited the vehicle. Officer Moseley stated
that after Appellant exited the vehicle, he could not observe the interior of the
vehicle from his vantage point at the trunk of the vehicle. He also stated that
although he tried to watch the passenger, there were times that he could not
observe what the passenger was doing inside the vehicle, and it was possible
that she could have placed the cocaine on the driver’s seat. 
        In order to establish the unlawful possession of a controlled substance,
the State must prove two elements: (1) that the accused exercised care,
control, and management over the contraband and (2) that the accused knew
that the matter possessed was contraband. Deshong v. State, 625 S.W.2d
327, 329 (Tex. Crim. App. 1981); Guy v. State, 160 S.W.3d 606, 612 (Tex.
App.—Fort Worth 2005, pet. filed). It is well established that drug possession
need not be exclusive, and that an individual can possess drugs jointly with
others. State v. Derrow, 981 S.W.2d 776, 779 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). 
        When the accused is not in exclusive possession of the place where the
substance is found, it cannot be concluded that the accused had knowledge of
and control over the contraband unless there are additional independent facts
and circumstances which affirmatively link the accused to the contraband. 
Deshong, 625 S.W.2d at 329. The factors to be considered in establishing an
affirmative link include the following: (1) defendant’s presence when the
search was executed; (2) whether the contraband was in plain view; (3)
defendant's proximity to and the accessibility of the narcotic; (4) whether
defendant was under the influence of narcotics when arrested; (5) whether
defendant possessed other contraband when arrested; (6) whether defendant
made incriminating statements when arrested; (7) whether defendant attempted
to flee; (8) whether defendant made furtive gestures; (9) the presence of odor
of the contraband; (10) the presence of other contraband or drug paraphernalia;
(11) defendant's ownership or right to possession of the place where the
controlled substance was found; and (12) whether the place the drugs were
found was enclosed. Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d); Jones v. State, 963 S.W.2d 826,
830 (Tex. App.—Texarkana 1998, pet. ref’d); Chavez v. State, 769 S.W.2d
284, 288-89 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d). The link,
however, need not be so strong that it excludes every other reasonable
hypothesis except the defendant's guilt. Brown v. State, 911 S.W.2d 744,
748 (Tex. Crim. App. 1995); Hudson v. State, 128 S.W.3d 367, 374 (Tex.
App.—Texarkana 2004, no pet.). It is not the number of affirmative links
present that is important, but rather the “logical force” that they create to prove
that the defendant committed the crime. Nhem v. State, 129 S.W.3d 696,
699-700 (Tex. App.—Houston [1st Dist.] 2004, no pet.).
        In the present case, Officer Moseley observed Appellant, the driver of the
vehicle, throwing what appeared to be a crack cocaine wrapper out of the
driver’s side window upon being stopped. However, Appellant denied throwing
anything out of the window when confronted by Officer Moseley. Further,
Officer Plank found the crack cocaine on the driver’s seat, where Appellant had
been sitting before exiting the vehicle. Finally, Officer Moseley found a crack
pipe in Appellant’s pocket. Although Appellant contends that there is evidence
that the crack cocaine was placed in Appellant’s seat after he exited the
vehicle, that is a fact issue that is best left to the jury’s determination, as they
were in the best position to judge the credibility of the witnesses and to resolve
any conflicts in the evidence. Zuniga, 144 S.W.3d at 481. 
        Based on the totality of the circumstances, we conclude that there were
sufficient affirmative links to establish that Appellant was in possession of
cocaine. Therefore, we hold that after considering all the evidence introduced
at trial in the light most favorable to the verdict, there was sufficient evidence
for the jury to find the essential elements of the crime beyond a reasonable
doubt. We further hold that the evidence, when viewed in a neutral light, was
sufficient to allow the jury to find guilt beyond a reasonable doubt. Thus, we
hold that the evidence was both legally and factually sufficient. We overrule
Appellant’s first and second points.
Motion to Suppress
        In his third point, Appellant argues that the trial court erred by denying his
motion to suppress. Specifically, Appellant contends that the trial court erred
because the evidence developed at the hearing on the motion to suppress
showed that the evidence was insufficient to affirmatively link Appellant to the
cocaine. 
        The court of criminal appeals has recently concluded that the statutes
authorizing pre-trial proceedings do not contemplate a “mini-trial” on the
sufficiency of the evidence to support an element of the offense. See Woods
v. State, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); see also State v.
Rosenbaum, 910 S.W.2d 934, 948 (Tex. Crim. App. 1995) (op. on reh’g)
(finding that Judge Clinton's dissenting opinion on original submission was
correct in holding that “in a pre-trial setting, there is neither Constitutional nor
statutory authority for an accused to raise and for a trial court to determine
sufficiency of evidence to support or defeat an alleged element of an offense”). 
The purpose of a pre-trial motion is to address preliminary matters, not the
merits of the case itself. Woods, 153 S.W.3d at 415. Preliminary matters are
those issues that can be determined before there is a trial on the general issue
of the case. Id. 
        Therefore, because Appellant’s challenge to the sufficiency of the
evidence was improperly raised in his motion to suppress, we hold that the trial
court did not err by denying Appellant’s motion to suppress. We overrule
Appellant’s third point.
Conclusion
        Having overruled all of Appellant’s points, we affirm the trial court’s
judgment.


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED: August 31, 2005