

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00507-CR

**IN RE** Susan D. **REED**

Original Mandamus Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 1, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On July 22, 2014, relator Susan D. Reed filed this petition for writ of mandamus complaining of the trial court's orders transferring venue in the underlying criminal proceedings from Bexar County to Medina County. Because we conclude that the trial court departed from the one clearly dictated course of action by granting the defendant's motion and ordering the proceedings transferred to Medina County, we conditionally grant mandamus relief.

### BACKGROUND

In December 2012, Ricardo Garza, the real party in interest in this mandamus proceeding, was charged in three separate charging instruments with the misdemeanor offenses of driving while intoxicated, possession of a dangerous drug and possession of a controlled substance. *See*

---

[1] This proceeding arises out of Cause Nos. 413040; 413041 and 413042, styled *The State of Texas v. Ricardo Garza*, pending in the County Court at Law No. 15, Bexar County, Texas, the Honorable Michael La Hood presiding.

TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014); TEX. HEALTH & SAFETY CODE ANN. §§ 481.117, 483.041 (West 2010). The charging instruments, filed by an Assistant Criminal District Attorney of Bexar County, Texas, alleged each offense to have been committed in Bexar County, Texas. Garza filed a motion to change venue in each case. Garza's motion alleged that he was arrested in Medina County, the offenses occurred in Medina County, venue was proper in Medina County, and venue was not proper in Bexar County. The motion was filed without any supporting affidavit. Garza requested dismissal of the charges based on his assertion that venue was proper in Medina County.

On March 11, 2014, the trial court conducted a hearing on Garza's motion. Garza testified that he was stopped by the arresting officer, "more than half a mile from the Medina County-Bexar County line." No other evidence was admitted at the hearing and no other witnesses provided testimony. The trial court signed an order that day reciting, "The court is of the opinion the Motion should [i]n all things be: GRANTED: These cases are transferred to Medina County."[2] Because Garza's motion had requested dismissal of the charges, rather than merely transfer, there was initially some confusion regarding whether the trial court intended to dismiss, or merely transfer, the criminal cases.

The trial court signed a clarification order on May 22, 2014 reciting, "IT IS THE ORDER of this Court that the Defendant's Motion to Change Venue is GRANTED. The Court hereby finds the following: 1. Venue in this case is proper in Medina County. 2. The information in this case is thereby transferred to Medina County."

---

[2] The State initially appealed from this order. This court abated the appeals and ordered the trial court to clarify whether it intended to dismiss or transfer the charging instruments to Medina County. *See* TEX. R. APP. P. 44.4(b). After the trial court issued its clarifying order, the State moved to dismiss the appeal, acknowledging that an order transferring venue to another county is not an appealable order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (West Supp. 2014). This court granted the State's motion and dismissed the appeals for lack of jurisdiction and immediately issued mandates to that effect. *See State v. Garza*, Nos. 04-14-00232-CR, 04-14-00233-CR & 04-14-00234-CR, 2014 WL 2609308, at *1 (Tex. App.—San Antonio June 11, 2014, no pet.) (mem. op., not designated for publication).

The State filed a motion to reconsider, asking the trial court to withdraw the order of transfer and set the cases for trial in Bexar County. After a hearing, the trial court denied the State's motion to reconsider. This original proceeding followed.

## ANALYSIS

### *Availability of Mandamus Relief*

To establish entitlement to mandamus relief in a criminal case, a relator must establish both that there is no adequate remedy at law to redress the alleged harm and a clear right to the relief sought. *Buntion v. Harmon*, 827 S.W.2d 945, 947-48 (Tex. Crim. App. 1992) (en banc); *see also In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). In criminal cases, the "clear right to relief" requirement is often couched in terms of requiring that the action complained of must be "ministerial," rather than discretionary, in nature. *Buntion*, 827 S.W.2d at 947 n.2. "A 'ministerial' act is one which is clearly compelled by the facts and legal authority extant in a given situation." *Id*. A discretionary function "may become 'ministerial' when the facts and circumstances dictate but one rational decision." *Id*. A departure from the "one clearly dictated course of action" in such circumstances is sufficient to support mandamus relief. *Id*. at 949.

A trial court's order granting a change of venue is not an order the State may appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (West Supp. 2014). The issue for this court to determine is whether the possibility of review in the context of the defendant's eventual direct appeal from conviction represents an adequate remedy available to the State. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (West Supp. 2014); *Weeks*, 391 S.W.3d at 123; *Garcia v. Dial*, 596 S.W.2d 524, 529 (Tex. Crim. App. 1980). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (available remedy must be equally sure, convenient, beneficial and effective as mandamus

to be adequate); *see also Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005). Because the possibility of eventual review of the trial court's action in these circumstances is so remote, we conclude that relator has met this prerequisite to mandamus relief. We turn now to the second requirement: relator's clear right to relief.

### *Change of Venue*

Venue in a criminal case is generally proper in the county where an offense is alleged to have been committed. TEX. CODE CRIM. PROC. ANN. art. 13.18 (West 2005). An offense committed at or near the boundary between two counties may be prosecuted and punished in either county. TEX. CODE CRIM. PROC. ANN. art.13.04 (West 2005). When an offense may be prosecuted in either of two counties, the State "may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed." TEX. CODE CRIM. PROC. ANN. arts. 21.06, 21.23 (West 2009). Venue is an element of an alleged offense which the State is required to prove by a preponderance of the evidence at trial. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005).

In the absence of the State's consent to transfer, the trial court is authorized to grant a change of venue on its own motion or on the defendant's motion, but in either case, only if the trial court is satisfied that a fair trial cannot be had in the county in which the case is pending. TEX. CODE CRIM. PROC. ANN. arts. 31.01, 31.03 (West 2006). A defendant's motion must be supported by his own affidavit, as well as the affidavits of two credible residents of the county, that the defendant will not be able to obtain a fair trial in the county of prosecution. TEX. CODE CRIM. PROC. ANN. art. 31.03. To change venue on its own motion, the trial court is required to provide proper notice and an evidentiary hearing on the issue of the availability of a fair and impartial trial, and must state in its order the grounds for the change. TEX. CODE CRIM. PROC. ANN. art. 31.01.

The March order contains no grounds for the ordered transfer. The May clarification order states only that venue is proper in Medina County. Both orders reflect that the trial court transferred venue in this case by granting Garza's motion. To the extent that the trial court may have been relying on its authority to change venue on its own motion, we conclude that it had no authority to do so in this instance. The defendant presented no evidence on the issue of his ability to obtain a fair trial in Bexar County. The trial court, appropriately, did not find that a fair trial cannot be had in Bexar County. Without such a finding, supported by the evidence, the trial court had no authority to grant a transfer, even on its own motion.

Garza's motion alleged that venue is not proper in Bexar County because the arrest occurred and, inferentially, the alleged offense was committed, in Medina County. The State has the burden to prove at trial that the charged offenses were committed in Bexar County as alleged in the charging instruments. Garza's motion challenged the State's allegation of venue. Garza essentially asked the trial court to make a pre-trial determination that the State could not prove an element it would have the burden to establish at trial – that the offenses were committed in Bexar County. *See Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) (defendant's motion to suppress improperly raised in a pre-trial setting the issue of whether or not an offense had actually been committed). A pre-trial motion, such as Garza's motion to change venue, cannot be used to argue that the State cannot prove one of the elements of the offense alleged in the charging instrument. *See Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007).

The record of the March hearing on Garza's motion to change venue reflects that the trial court relied on three cases in granting the motion. Before making his ruling, the judge stated that a defendant is entitled to a change of venue as a matter of law when the State fails to file a controverting affidavit in response to a proper motion. However, the referenced cases do not support the granting of Garza's motion. *See McGinn v. State*, 961 S.W.2d 161, 163 (Tex. Crim.

App. 1998); *Cooks v. State*, 844 S.W.2d 697, 730 (Tex. Crim. App. 1992); *Neumuller v. State*, 953 S.W.2d 502, 507 (Tex. App.—El Paso 1997, pet. ref'd).

In each of these cases, the courts acknowledge that it is the defendant's burden to establish an inability to obtain a fair trial when seeking a change of venue. *McGinn*, 961 S.W.2d at 163; *Cooks*, 844 S.W.2d at 730; *Neumuller*, 953 S.W.2d at 508. "A defendant seeking a change of venue must file a written motion supported by affidavits of at least two credible residents of the county asserting that the defendant cannot receive a fair trial in the county due to either prejudice or a combination of influential persons against her/him." *Neumuller*, 953 S.W.2d at 507. If the defendant does so, then he is entitled to a change of venue as a matter of law, if the State fails to file a controverting affidavit. *Id.* The defendant's burden to establish community prejudice sufficient to justify a change of venue, however, is a heavy one. *Id.*

Garza's motion did not allege that he could not receive a fair trial in Bexar County. Garza did not file any supporting affidavits with his motion, nor did he testify that he could not receive a fair trial in Bexar County. He testified only that his arrest occurred in Medina County, a fact which the State does not contest. Under these circumstances, the State was not obligated to file a controverting affidavit because there was no evidence of inability to obtain a fair trial to be controverted. *See Lundstrom v. State*, 742 S.W.2d 279, 282 (Tex. Crim. App. 1986) (en banc) (State's burden arises when applicant's motion is properly made and supported). Because Garza's motion did not comply with the statutory requirements, he was not entitled to a change of venue as a matter of law. The evidence and applicable law dictated only one rational course of action under the circumstances—to deny Garza's motion for change of venue. Because the trial court departed from the one clearly dictated course of action by granting the motion and ordering the proceedings transferred to Medina County, we conclude the State has established a clear right to mandamus relief. *Buntion*, 827 S.W.2d at 949.

**CONCLUSION**

Based on the foregoing analysis, we conclude the trial court had a ministerial duty to deny defendant's motion to change venue and that the State is without an adequate remedy at law in these circumstances. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its orders transferring venue in the underlying criminal cases to Medina County. The writ will issue only if we are advised the trial court has failed to comply within ten days from the date of this court's order.

Patricia O. Alvarez, Justice

DO NOT PUBLISH