

# NUMBER 13-16-00092-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CYNTHIA LORENA GONZALEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

# OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Opinion by Justice Rodriguez

This appeal challenges the denial of a motion to suppress. By one issue, appellant Cynthia Lorena Gonzalez contends the trial court erred when it denied her motion to suppress. We affirm.

## I. BACKGROUND

At the hearing on Gonzalez's motion to suppress, Crystal Rodriguez and Michael Rogers, police officers with the City of Corpus Christi, testified that they stopped the vehicle in which Gonzalez was a passenger. According to Officer Rogers, they stopped the vehicle for failing to yield the right-of-way to a pedestrian—an elderly man with a walker—as the vehicle was exiting a business parking lot. *See* TEX. TRANSP. CODE ANN. § 552.006 (West, Westlaw through 2015 R.S.) ("The operator of a vehicle emerging from or entering an alley, building, or private road or driveway shall yield the right-of-way to a pedestrian approaching on a sidewalk extending across the alley, building entrance or exit, road, or driveway."). Both officers testified that the vehicle was blocking the pedestrian's path along the sidewalk. When they pulled the vehicle over, one of the officers approached Gonzalez and asked her to identify herself. Officer Rodriguez testified that Gonzalez said she was "Cindy Garcia." After failing to locate "Cindy Garcia" in the "system," Officer Rodriguez placed Gonzalez in the police unit until they could positively identify her. It was at that time that Gonzalez gave them her name. Officer Rodriguez agreed that Gonzalez was afraid to identify herself because of her speeding tickets and warrants.

Gonzalez was charged with two counts of failure to identify, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 38.02 (West, Westlaw through 2015 R.S.). Gonzalez filed a motion to suppress. Challenging the unlawful nature of her detention, Gonzalez argued that her rights under the Fourth Amendment of the United States Constitution, article I, section 9 of the Texas Constitution, and article 38.23 of the Texas

Code of Criminal Procedure had been violated because the police officers had no reasonable suspicion to detain her.[1]  *See* U.S. CONST. amend. IV; TEX. CONST. art. 1, § 9; TEX. CODE CRIM. PROC. ANN. art. 38.23 (West, Westlaw through 2015 R.S.).   Gonzalez requested the suppression of all evidence seized as a result of the "illegal warrantless search," which included all evidence obtained from Gonzalez, all statements provided by Gonzalez, and all testimony of police officers working at the scene concerning Gonzalez's conduct after the officers detained her.   After hearing evidence and arguments of counsel, the trial court denied Gonzalez's motion.

Subsequently, Gonzalez pleaded guilty to the offense of failure to identify.   *See* TEX. PENAL CODE ANN. § 38.02(b).   The trial court found Gonzalez guilty of two counts of failure to identify, sentenced Gonzalez to one day in the Nueces County Jail, and assessed a $500 fine.  *See id.*   Retaining her right to appeal the denial of the motion to suppress, this appeal followed.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion to suppress under a bifurcated standard.   *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013).   We give the trial court almost complete deference in its determination of historical facts, especially

---

[1] The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. CONST. amend. IV.   And the Texas Constitution's exclusionary rule similarly sets out "[t]he people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."   TEX. CONST. art. 1, § 9.   Finally, our Texas statutory exclusionary rule, embodied in article 38.23(a) of the code of criminal procedure. provides the following:   "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."   TEX. CODE CRIM. PROC. ANN. art. 38.23 (West, Westlaw through 2015 R.S.).

if they are based on an assessment of credibility and demeanor. *Gonzales v.* State, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012); *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We afford the trial court the same deference in its rulings on the application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor. *Gonzales*, 369 S.W.3d at 854; *Crain*, 315 S.W.3d at 48. However, for mixed questions of law and fact that do not fall within that category, a reviewing court conducts a de novo review. *Crain*, 315 S.W.3d at 48.

We analyze the legality of traffic stops under the standard articulated by the United States Supreme Court in *Terry v. Ohio.* 392 U.S. 1, 21–22 (1968); *see United States v. Brigham*, 382 F.3d 500, 507–08 (5th Cir. 2004) (en banc); *see also United States v. Pack*, 612 F.3d 341, 349–50 (5th Cir. 2010); *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Under this standard, we make a two-part inquiry, first examining whether the officer's decision to stop the vehicle was justified at its inception and second determining whether the officer's subsequent actions were reasonably related in scope to the circumstances that caused him to stop the vehicle in the first place. *Brigham*, 382 F.3d at 506.

## III.   DISCUSSION

By her sole issue on appeal, Gonzalez argues that "[t]he trial court erred when it found that the traffic stop of this vehicle met the test of reasonableness": that the detention was unlawful. *See Terry*, 392 U.S. 1, 21–22. Among other things, the State

responds that Gonzalez could not use a pre-trial motion to suppress to determine the "unlawfully detained" element of the charged offense. We agree with the State.

A suppression hearing is for the limited purpose of addressing preliminary matters, not the merits of the case itself, and it may not be used to decide the sufficiency of the evidence to support an element of the offense. *See State v. Iduarte*, 268 S.W.3d 544, 551–52 (Tex. Crim. App. 2008); *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) (holding that statutes authorizing pre-trial proceedings do not contemplate a "mini-trial" on the sufficiency of the evidence to support an element of the offense). In *Woods*, for example, the court of criminal appeals concluded that the defendant could not use a motion to suppress to challenge the legality of his detention in connection with a prosecution for evading arrest or detention, an element of which requires that the attempt to arrest or detain him be lawful. *See Woods*, 153 S.W.3d at 415; *see also* TEX. PENAL CODE ANN. § 38.04 (West, Westlaw through 2015 R.S.).

In the present case, as in *Woods*, lawful detention is an element of the charged offense of failure to identify. *See* TEX. PENAL CODE ANN. § 38.02(2) ("A person commits an offense if he intentionally gives a false or fictitious name . . . to a peace officer who has . . . *lawfully* detained the person." (emphasis added)). Applying the reasoning in *Woods*, by asking the trial judge to suppress the arrest and the details of failing to provide her name to the officer, Gonzalez was in effect asking the trial judge to rule on whether the State had proof of an element of the offense. *See Woods*, 153 S.W.3d at 415. She was asking the trial judge to address the merits of the case itself, not to address issues that can be determined before there is a trial on the general issue of the case. *See id.*

5

As the *Woods* Court reasoned, Gonzalez, in essence, tried to argue in her motion and now on appeal that the State could not prove one of the elements of the crime; that the State could not prove that the detention for which she provided a false or fictitious name was *lawful* because it was unreasonable. *See id.* If the trial judge granted Gonzalez's motion to suppress her misidentification and ensuing detention, the State could no longer prosecute Gonzalez for failure to identify. *See id.* Gonzalez was asking the judge to rule whether or not an offense had actually been committed.[2] *See id.*

From our de novo review, we conclude that the issue was improperly raised in a pre-trial motion and that the trial court did not err by denying her motion. *See Crain*, 315 S.W.3d at 48. We overrule Gonzalez's sole issue on appeal.

## IV. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of September, 2016.

---

[2] As the court of criminal appeals recognized in *Woods v. State*,

[i]t is appropriate to note here that a problem arises in this situation because of the particular nature of the offense. In most cases, evidence obtained through an unlawful detention would most likely be properly contested in a pre-trial hearing. Here, however, asking the court to suppress evidence of the arrest itself as the product of an unlawful detention was in effect asking the trial judge to rule on the ultimate question of the case.

153 S.W.3d 413, 415 n.9 (Tex. Crim. App. 2005).