

# NUMBER 13-17-00056-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DONALD EUGENE LISCOTTI,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

## On appeal from the 36th District Court
## of Aransas County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By two issues, appellant Donald Eugene Liscotti appeals his six convictions for possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26 (West, Westlaw through 2017 1st C.S.). Liscotti argues the trial court committed error by overruling his objection and motion for mistrial regarding testimony from a State's witness and by denying his motion to suppress. We affirm.

## I.  BACKGROUND

Liscotti was charged with six counts of possession of child pornography.   *See id.* Following trial, Liscotti was found guilty by a jury.   The trial court sentenced Liscotti to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division on counts one, two, and three and ten years' imprisonment to run concurrently and to ten years' imprisonment on counts four, five, and six to run concurrently.   Based on the State's request, the trial court ordered Liscotti's ten-year sentence on counts one, two, and three, run consecutive to his ten-year sentence on counts four, five, and six. This appeal followed.

## II.  WITNESS TESTIMONY

By his first issue, Liscotti argues the trial court committed error by overruling his objections to testimony by a State's witness and denying his motion for mistrial

### A.  Relevant Background

Prior to the start of trial, Liscotti filed a motion in limine to exclude testimony regarding extraneous offenses.   The trial court granted the motion in limine and told both parties to approach if any extraneous offense testimony was offered.   During the State's questioning of Kenneth Patterson, a computer forensic specialist with the Corpus Christi Police Department Internet Crimes Against Children Unit, the issue of a search warrant was raised.   In response to the State's question, Patterson stated:

> Okay.   The search warrant I received on the 30th of December, two days after I received the case.
>
> As one of my procedures, I had a consent and it was primarily on an indecency with a child.   Once I started the analysis and I found child pornography, I halted the analysis and contacted the case agent, Chief

2

McLester, and informed him I had found child pornography and was halting until I would get a search warrant for child pornography.

After a few more questions, Liscotti asked to approach. At a bench conference, Liscotti stated "He started off the reason for the investigation and he mentioned a motion– or, exclusion, as far as indecency with a child. I want to object to that and move for a mistrial at this time." The trial court overruled the objection and told the State to continue its examination.

## B.    Applicable Law

For error to properly be preserved for appellate review, Liscotti's complaint may take three forms: (1) make a specific, timely objection; (2) request for a jury instruction to disregard; and (3) request a motion for mistrial. *See* TEX. R. APP. P. 33.1(a); *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (en banc). All three remedies serve to prevent and correct errors and conserve judicial resources. *See Young*, 137 S.W.3d at 69. An objection serves as a preemptive measure because it informs the judge and opposing counsel of the potential for error. *Id.* An instruction to disregard attempts to cure any harm or prejudice resulting from events that have already occurred. *Id.* Where the prejudice is curable, an instruction eliminates the need for a mistrial, thereby conserving the resources associated with beginning the trial process anew. *Id.* A grant of a motion for mistrial should be reserved for those cases in which an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event at trial. *Id.* The essential requirement is a timely, specific request that the trial court refuses. *Id.*

In most instances, an objection will prevent the occurrence of the prejudicial event, and the failure to make a timely, specific objection prevents appellate review. *Id.* at 70. The request for an instruction that the jury disregard an objectionable occurrence is essential only when such an introduction could have had the desired effect, which is to enable the continuation of the trial by an impartial jury. *Id.* But if an instruction could not have "cured" the error, the only suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal. *Id.* "Mistrial is the appropriate remedy when. . . the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." *Id.* at 71.

Accordingly, when a party's first action is to move for mistrial, the scope of appellate review is limited to whether the trial court erred in not taking the most serious action of ending the trial; in other words, an event could not have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on appeal by the party who did not request these lesser remedies in the trial court. *Id.* at 70. Limited as this scope of appellate review may be, such an appellate review is available to such a party. *Id.*

C.    Discussion

Although Liscotti objected and then moved for a mistrial, his objection was neither timely nor specific and preserved nothing for appellate review. *See id.* In evaluating Liscotti's action by first moving for mistrial, we look to the trial court's action. The trial court essentially denied Liscotti's motion for mistrial by instructing the State to continue

4

its questioning. The complained-of statement was not so egregious that a timely objection or instruction to disregard would not have cured any prejudice. *See id*. It was apparent from previous testimony that Liscotti was the subject of an investigation into some offense. Although Patterson testified that he received the computers regarding an indecency with a child case, the trial court did not commit error by overruling Liscotti's motion for mistrial. The events testified to were not "so emotionally inflammatory that curative instructions" could not have remedied the violation of the motion in limine. *Id*. at 71. We overrule Liscotti's first issue.

### III. MOTION TO SUPPRESS

By his second issue, Liscotti argued the trial court committed error by denying his motion to suppress his statements based on lack of *Miranda* warnings for the charged offense. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

#### A. Relevant Background

On appeal, Liscotti argues that his rights were violated because he was only given his *Miranda* rights regarding a continuous sexual assault of a child investigation. *See Miranda*, 384 U.S. at 436. Liscotti argues that he should have been given an additional set of *Miranda* warnings when the law enforcement officers began questioning him regarding allegations of child pornography. *See id*. However, Liscotti did not make this argument to the trial court when it heard his motion to suppress.

During the suppression hearing, the following occurred:

Trial Court: When your client was interrogated in regards to this, is there any indication that—did he ever say, "I will talk to you about that charge and I won't talk to you about any other charge. If you talk to me about the color of my cat or who I am married

5

to, I won't talk to you about it."

Was there any indication, "I agree to speak to you about this one issue only."

Liscotti: I do not believe he indicated—I only viewed the edited version, so I don't believe there is any limitations by my client as far as consent.

. . . .

Trial Court: But your challenge to [the statement's] voluntariness, as I understand it, based on one thing and one thing only, and that's, quote, I am going to call interview by ambush, where he got told, "You are under arrest for this and I want to talk to you about that."

He agreed to talk about that. He didn't say, "That's all I will ever talk to you about."

And as a result of that, that's the basis of your challenge to the voluntariness of the statement. Because, if those are the facts. . .I will sit here and watch the entire video. . .if those are the facts, I will deny your Motion to Suppress, because it doesn't merit–it is not going to merit a decision to find it involuntary. That is number one.

Number two, then I will bring the jury in here and they will hear the entire video, because now you have challenged–once you challenge the voluntariness of the statement and you ask me to make a decision, the jury has to make the same decision.

. . . .

Liscotti: That is not my choice to present it to the jury, Your Honor.

What I would like to do, is proffer the consent form and the interview in its entirety as a proffer of evidence into the record and leave it up to the appellate court to decide whether I have an appeal on the issue, Your Honor.

Chief Rick McLester of the Fulton Police Department testified. He stated he interviewed

Liscotti along with three members of federal law enforcement agencies. Chief McLester

6

explained he gave Liscotti a form with his rights on it, Liscotti initialed and agreed to waive his rights, and at no point during the interview did Liscotti refuse to answer questions or withdraw his consent. Liscotti also testified during the suppression hearing. Liscotti stated that he understood that he waived his right to remain silent and that he felt he had to tell "his side of the story." Following the testimony, Liscotti asked the trial court to suppress the statement on the "grounds that the procedural safeguards weren't sufficient to secure the privilege against self-incrimination." Liscotti also claimed that "the statements were acquired illegally based on–because they weren't waived knowingly, intelligently and voluntarily, Your Honor. They were more coerced."

The trial court clarified that now Liscotti was raising an article 38.22 argument as well and denied Liscotti's motion to suppress regarding the voluntariness of his statement. Liscotti agreed that he does not want the issue of voluntariness submitted to the jury.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West, Westlaw through 2017 C.S.).

**B.    Analysis**

**1.    Standard of Review**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Gonzalez v. State*, 501 S.W.3d 283, 285 (Tex. App.—Corpus Christi 2016, no pet.). We give the trial court almost complete deference in its determination of historical facts, especially if they are based on an assessment of credibility and demeanor. *Id.* We afford the trial court the same deference on its rulings on the application of the law to questions of fact and to mixed questions of law and fact if resolution of those questions

---

[1] During the interview, Liscotti discussed additional extraneous offenses. The State created a redacted version of the interview to be played before the jury where those discussions were removed.

depends on an evaluation of credibility and demeanor. *Id.* However, for mixed questions of law and fact that do not fall within that category, a reviewing court conducts a *de novo* review. *Id.*

Where a trial judge does not enter findings of fact, like this case, a reviewing court must "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

**2. Applicable Law and Discussion**

Article 38.22 of the code of criminal procedure lays out the procedure to be employed when taking an oral statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3. The requirements of article 38.22 state that oral statements are not admissible unless they meet certain requirements. *See id.* Among those requirements is that the accused be given his rights and he knowingly, intelligently, and voluntarily waives those rights. *See id.* at § 3(a)(2).

After reviewing the interrogation video, the trial court found that Liscotti was given and understood his rights, and knowingly, intelligently, and voluntarily waived them. Because we defer to the trial court's determinations regarding credibility of the witnesses presented at a motion to suppress hearing, we view the evidence in the light most favorable to the ruling. *See Wiede*, 214 S.W.3d at 25.

To determine if *Miranda* warnings are sufficient, we look to the totality of the circumstances regarding the interrogation. *See Herrera v. State*, 241 S.W.3d 520, 526

8

(Tex. Crim. App. 2007); *see also Delao v. State*, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007) (finding that a determination of a statement's voluntariness is based on the totality of the circumstances). A statement may be deemed "involuntary" under three different theories: (1) failure to comply with article 38.22, section 6—general voluntariness; (2) failure to comply with the dictates of *Miranda* as codified and expanded in article 38.22, sections 2 and 3 (the Texas confession statute); or (3) failure to comply with due process because the statement was not freely given as a result of coercion, improper influences, or incompetency. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008); *see also Holt v. State*, No. 05-14-00914-CR, 2016 WL 3018793, at *7 (Tex. App.—Dallas May 18, 2016, pet. ref'd.). We do not find that any of the theories apply. Liscotti was aware of his rights, voluntarily waived those rights, and freely spoke to all the law enforcement officers present.

Although Liscotti also argues on appeal that he should have been given his *Miranda* warnings each time a separate offense was discussed, he presents this Court with no authority supporting that assertion. Instead, Liscotti only argues that article 38.22, section 3 was not followed and therefore, his statements regarding child pornography should be suppressed. We hold the dictates of article 38.22, section 3 were complied with by the law enforcement officers involved and the trial court properly found Liscotti knowingly, intelligently, and voluntarily waived his rights. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3.

We overrule Liscotti's second issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2018.