**George Deshawn WOODS, Appellant,**

v.

**The STATE of Texas.**

**No. 1693–03.**

Court of Criminal Appeals of Texas.

Jan. 12, 2005.

Chad P. Ellis, Richmond, for Appellant.

Joshua W. McCown, District Attorney, Wharton, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., join.

Appellant George Deshawn Woods pleaded guilty to a charge of Evading Arrest or Detention under Texas Penal Code, Section 38.04. Appellant then filed an appeal with the Thirteenth Court of Appeals in Corpus Christi pursuant to Texas Rule of Appellate Procedure 25.2(b)(3).[1] Appellant appealed the ruling of the trial court which denied his motion to suppress evidence. The court of appeals reversed the ruling of the trial court and remanded the

---

1. Texas Rule of Appellate Procedure 25.2(b)(3) states that if an appeal is from a judgment rendered on the defendant's plea of guilty, a defendant may only appeal "those matters that were raised by written motion and filed and ruled on before trial, or after getting the trial court's permission to appeal."

case for further proceedings.[2] We will reverse the decision of the court of appeals.

While on patrol on August 9, 2001, Officer Jeremy Eder approached Appellant, George Deshawn Woods, after observing what he thought was suspicious activity on the part of Woods. Specifically, Officer Eder testified that Woods was sitting on the porch of a bar in a known drug-trafficking area with what appeared to be a cigar tucked behind his ear. Officer Eder also testified that these types of cigars were routinely hollowed out for smoking marijuana, and that Woods turned his head away in what seemed to be an attempt to conceal the cigar from him when he drove by in his patrol car. Officer Eder decided to investigate further and circled his patrol car, coming back to the front of the bar. When he approached Woods, Officer Eder then noticed that the cigar was missing, and he told Woods to put his hands on his head so that he could perform a pat-down check for weapons. As Officer Eder reached out to check Woods for weapons, Woods ran. Officer Eder pursued, and Woods was apprehended and arrested for evading arrest or detention.

Woods pleaded guilty to the charge of Evading Arrest or Detention, and was sentenced to 90 days in the county jail, which was probated for one year, as well as a fine of $250.00. He appealed the trial court's denial of his motion to suppress evidence.

Appellant argued in his initial appeal that Officer Eder had no reasonable suspicion to detain him. Therefore, he contended the detention was illegal, and his arrest should have been suppressed under Texas Code of Criminal Procedure, Article 38.23.[3] The trial court denied the motion to suppress. The court of appeals reversed the trial court's ruling, stating that there were no specific, articulable facts leading to a reasonable suspicion on the part of Officer Eder that would make the detention lawful.[4]

The State argues that the court of appeals misapplied Texas law in failing to find that specific, articulable facts, coupled with the rational inferences from these facts, in light of the officer's knowledge, reasonably warranted Officer Eder's detention of Woods for further investigation. The State also contends that the arrest would have been warranted anyway under the probable cause to arrest standard. It is unnecessary to address either of these two points, however, as we instead conclude that a pre-trial motion to suppress is not an appropriate vehicle for litigating an element of the offense.

In his motion to suppress, Appellant claimed that the Wharton Police Department violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. He also asserted that the police department violated his rights under Article I, Section 9, of the Texas Constitution. Appellant requested the suppression of evidence of his arrest, as well as any testimony given by police officers concerning any of Woods' conduct after the time that Officer Eder detained him. Appellant claims he was entitled to have this infor-

**2.** *George Deshawn Woods v. State,* 115 S.W.3d 209, 212 (Tex.App.-Corpus Christi 2003).

**3.** Texas Code of Criminal Procedure, Article 38.23 states in relevant part: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

**4.** *George Deshawn Woods v. State,* 115 S.W.3d 209, 212 (Tex.App.-Corpus Christi 2003).

mation suppressed under the fruit of the poisonous tree doctrine, as well as pursuant to Texas Code of Criminal Procedure, Article 38.23.

■ However, there is a more fundamental question in this case that neither the court of appeals nor the parties addressed: whether there is constitutional or statutory authority for a defendant to raise, and for a trial court to determine, before trial the legality of a seizure of a defendant in a prosecution for the offense of evading arrest or detention under Section 38.04 of the Penal Code? Because this question was not resolved before the merits of the pre-trial motion to suppress could be resolved, we asked the parties to submit supplemental briefs on this point. They have done so. We now conclude that the statutes authorizing pre-trial proceedings do not contemplate a "mini-trial" on the sufficiency of the evidence to support an element of the offense.[5]

■ By asking for the trial judge to suppress the arrest, and the details of his flight and evasion of the detention by Officer Eder, Appellant was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense. The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case itself.[6] Preliminary matters are those issues that can be determined before there is a trial on the general issue of the case.[7]

Appellant in essence tried to argue that the prosecution could not prove one of the elements of the crime; the prosecution could not prove the detention that he evaded was *lawful*.[8] If the trial judge granted the motion for suppression of the flight and ensuing arrest, the State could no longer prosecute Woods for evading detention. Appellant was asking the judge to rule whether or not an offense had actually been committed.[9]

We conclude that because the issue was improperly raised in a pre-trial motion to

---

5. *See State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex.Crim.App.1995)(finding that Judge Clinton's dissenting opinion on original submission was correct in holding that "in a pre-trial setting, there is neither Constitutional nor statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense such as 'materiality' in a perjury case"). *See also State v. Habern*, 945 S.W.2d 225, 226 (Tex.App.Houston [14th Dist.] 1997, no pet.) ("In a pre-trial setting, there is neither constitutional nor statutory authority for a defendant to test- or for a trial court to determine the State's cache of evidence to support an element alleged in the indictment"); and *State v. Boado*, 8 S.W.3d 15 (Tex.App.-Houston [1st Dist.] 1999), *pet. improvidently granted*, 55 S.W.3d 621 (Tex.Crim.App.2001)(refusing to test the State's evidence at a pre-trial hearing).

6. *Id. See also State v. Bartee*, 894 S.W.2d 34, 40 n. 4 (Tex.App.-San Antonio 1994, no pet.).

7. Asking for a ruling on whether an element of the offense can be proven is akin to asking for a pre-trial ruling to establish: alibi; proof of a deadly weapon in an aggravated robbery; consent in a sexual assault; or proof of a victim's age in an aggravated sexual assault of a child case. Establishing proof of the elements of an offense is a trial, not pre-trial, issue.

8. *See* Texas Penal Code Section 38.04(a): "A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting *lawfully* to detain him." (emphasis added) .

9. It is appropriate to note here that a problem arises in this situation because of the particular nature of the offense. In most cases, evidence obtained through an unlawful detention would most likely be properly contested in a pre-trial hearing. Here, however, asking the court to suppress evidence of the arrest itself as the product of an unlawful detention was in effect asking the trial judge to rule on the ultimate question of the case.

suppress, the court of appeals erred in reversing the trial court's ruling. The judgment of the Thirteenth Court of Appeals is reversed, and the trial court's judgment affirmed.

WOMACK, J., concurs.