In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-353 CV


____________________



IN RE JOHN HENRY BOYKIN






Original Proceeding






MEMORANDUM OPINION


 John Henry Boykin petitioned the Court for a writ of mandamus to compel the trial
court to rule on his pre-trial motions. Because the motions are material to his claim for
relief, the relator is obliged to provide them to the Court. Tex. R. App. P. 52.7(a). 
Boykin's discovery motions have not been provided to this Court. Therefore, the relator
has not demonstrated that the trial court failed to perform the ministerial act of ruling on
discovery motions. Boykin did provide the Court with a copy of a motion titled "Motion
to Set Aside/Dismiss Prosecution Pursuant to CCP, Article 27.03." No allegation of
irregularities in the grand jury proceedings is implied in the motion; instead, Boykin
alleges the State will not be able to prove its case at trial because the evidence will be a
swearing match between witnesses. There is no pre-trial mechanism for challenging the
sufficiency of the evidence. See Woods v. State, 153 S.W.3d 413, 415 (Tex. Crim. App.
2005). The trial court did not err in failing to rule upon a motion Boykin was not entitled
to raise before trial. 

 The relator also contends the trial court violated a ministerial duty by failing to rule
on his motion for speedy trial. The motion was filed in February 2005 and the case is
currently on the trial docket for October 10, 2005. The trial court conducted a hearing
after Boykin sought mandamus relief in this Court, and a reporter's record of that hearing
has been filed. Boykin raised his motion for speedy trial during the hearing. The trial
court advised Boykin, "I got to get to you as fast as I possibly can. I don't know when
you're set but next time you're up, you're going to get just as fair a shake at getting to trial
that day as anybody else and that's the best I can do." This is a de facto ruling on the
relator's motion for speedy trial. The correctness of that ruling is subject to review on
appeal following conviction. See Zamorano v. State, 84 S.W.3d 643, 647-48 (Tex. Crim.
App. 2002). (1) In this case, the relator has not shown that appeal will not be an adequate
remedy. 

 We may grant mandamus relief if relator demonstrates that the relator has no other
adequate legal remedy. See Buntion v. Harmon, 827 S.W.2d 945, 947 (Tex. Crim. App.
1992). In this case, the relator has not shown that he is entitled to the relief sought. 

 The petition for writ of mandamus is therefore denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered September 22, 2005 

Before Gaultney, Kreger and Horton, JJ.
1. A speedy trial claim requires balancing four factors: (1) length of delay, (2) reason
for delay, (3) assertion of the right, and (4) prejudice. Barker v. Wingo, 407 U.S. 514,
530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Because the issue may be litigated in the trial
court and raised on appeal, at this time we express no opinion on whether the relator's
right to a speedy trial has been violated.