In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-537 CV


____________________



IN RE EARNEST RAY JONES






Original Proceeding






 MEMORANDUM OPINION 


 Earnest Ray Jones petitions for writ of mandamus to compel the trial court to rule on
a motion to dismiss an indictment. The underlying motion to dismiss appears to be based on
a claim of a defective indictment and lack of evidence. Jones complains of the trial court's
failure to rule on the motion but fails to describe his efforts to obtain a ruling or to present
any argument supporting his entitlement to an immediate pre-trial ruling on his motion.

 To obtain mandamus relief in a criminal matter, the relator must show that he has no
other adequate remedy at law to address the alleged error and that the act the relator seeks
to compel is ministerial. State ex rel. Hill v. Ct. of App. for Fifth Dist., 34 S.W.3d 924, 927
(Tex. Crim. App. 2001); Dickens v. Second Ct. of App., 727 S.W.2d 542, 550 (Tex. Crim.
App. 1987). In a pre-trial motion, Jones appears, at least in part, to be challenging the State's
evidence. "The purpose of a pre-trial motion is to address preliminary matters, not the merits
of the case itself." Woods v. State, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005). Although
a motion to quash based on a defective indictment is an appropriate subject of a pretrial
motion, Jones has not demonstrated that the trial court abused its discretion by not ruling on
the motion at an earlier time. See Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex.
App.-Amarillo 2001, orig. proceeding). The relator has not shown that he is entitled to the
relief sought in his petition. See Tex. R. App. P. 52.8. The petition for writ of mandamus is
denied. 

 WRIT DENIED.

 PER CURIAM

Opinion Delivered January 25, 2007 

Before McKeithen, C.J., Kreger and Horton, JJ.