**Affirmed and Memorandum Opinion filed February 5, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00101-CR
## NO. 14-14-00102-CR

**ADRIAN DESHAWN PATTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court
Liberty County, Texas
Trial Court Cause Nos. CR29870 & CR29871**

## M E M O R A N D U M   O P I N I O N

Appellant Adrian Deshawn Patton appeals his convictions for possession of a controlled substance with intent to deliver and evading arrest or detention with a previous conviction. Tex. Health & Safety Code Ann. § 481.112 (West, Westlaw through 2013 3d C.S.); Tex. Penal Code Ann. § 38.04 (West, Westlaw through 2013 3d C.S.). In a single issue appellant contends the trial court applied an

incorrect standard in ruling on his motion to suppress. We affirm.[1]

## I. BACKGROUND

Appellant was indicted for possession of cocaine with intent to deliver in trial court cause number CR29870. He was indicted for evading arrest or detention with a prior conviction in cause number CR29871. Prior to trial appellant filed a motion to suppress in cause number CR29870, the possession case. In the written motion appellant alleged he was arrested without a warrant or probable cause, and that any tangible evidence seized should be suppressed. Appellant further argued that his arrest should be suppressed because officers did not have reasonable suspicion to detain him.

Prior to trial the trial court held a hearing on appellant's motion to suppress. At the beginning of the hearing the trial court pointed out that the motion had only been filed in the possession case. Appellant expressed the desire to file the motion in the evading arrest case as well. The trial court consolidated the cases and agreed to "apply the suppression motion to whatever act, event, or circumstances to which it may apply." Appellant's counsel emphasized that appellant was only attempting to have his arrest suppressed in the evading arrest charge, and no longer sought suppression of the cocaine.

At the suppression hearing Deputy Paul Young of the Liberty County Sheriff's Department testified that he was working narcotics law enforcement when he received a call to respond to an apartment complex. Young was in uniform and driving a marked patrol car. When Young arrived he saw an

---

[1] Appellant initially appealed to the Ninth Court of Appeals. Pursuant to a docket equalization order, this appeal was transferred to this court. *See* Tex. Gov't Code Ann. § 73.001 (West, Westlaw through 2013 3d C.S.). We must decide the case in accordance with the precedent of the Ninth Court of Appeals in the event there is a conflict with precedent from this court. *See* Tex. R. App. P. 41.3.

individual that he recognized from previous drug arrests. The individual was sitting in the driver's seat of a car. Appellant, who was standing at the window of the car, saw Young and immediately walked to an apartment door where he tried to gain entry. Young attempted a consensual encounter with appellant and asked appellant to stop and talk with him. Rather than stop, appellant ran away. Young testified that he was suspicious of appellant because the individual who lives in the apartment, and was driving the car is a known crack dealer.

As appellant was running away he appeared to be reaching in his right front pants pocket. After pursuing appellant for approximately 100 yards, Young detained him. Young discovered half an ounce of cocaine along the path where appellant had been running. Young testified that although the ground was wet from recent rain the package of cocaine was dry. Young also recovered $1,400 in cash from appellant's person after he was apprehended.

At the conclusion of the hearing, the trial court asked appellant's counsel, "what by this motion to suppress are you seeking to suppress?" Counsel responded, "The evading of the arrest." The trial court then ruled as follows:

> That's an element of the offense. I'm ready to make some findings. It's my opinion that the issue in this case is whether or not Officer Young — it's not whether or not Officer Young had a reasonable suspicion to believe that a crime was committed.
>
> I think the issue in this matter is whether or not Officer Young was in a location where he had a right to be as a peace officer and whether or not there was a legitimate reason on behalf of Officer Young to ask the defendant to approach, to identify, and to have further questions.
>
> I find that Officer Young was in a place where he had a right to be, and based on the circumstances he had a legitimate reason to ask the defendant to approach and to answer some questions.
>
> Now, that is something less than reasonable suspicion. It was just he has a justification. I don't think Officer Young has the right to stop anybody on the street and compel them to answer questions, but facts

3

and circumstances that give rise to a belief that a question is warranted is something far less than reasonable suspicion in my opinion.

Based on those findings I don't know what it is that I am to suppress but I decline to suppress anything and I respectfully overrule and deny your motion to suppress.

After a jury trial, the jury found appellant guilty of evading arrest or detention with previous conviction, and possession of a controlled substance with intent to deliver. The jury assessed punishment at 15 years in prison on the possession conviction, and two years in State Jail for the evading arrest conviction.

## II. MOTION TO SUPPRESS

In a single issue appellant contends the trial court applied an incorrect standard in ruling on the motion to suppress. Appellant argues the trial court should have suppressed the attempted detention and subsequently discovered cocaine.

**A. The trial court did not abuse its discretion in denying appellant's motion to suppress his arrest.**

At the hearing on the motion to suppress appellant specifically limited the motion to the evading arrest charge. Appellant argues on appeal that the trial court erred when it "specifically found that the police lacked reasonable suspicion to detain Appellant, but still denied Appellant's request to suppress evidence gained as a result of that arrest for evading the detention[.]"

With regard to the evading arrest charge, the State cites *Woods v. State*, 153 S.W.3d 413 (Tex. Crim. App. 2005), and argues that appellant's motion to suppress was an attempt to suppress an element of the offense of evading arrest; therefore it was an improper attempt to test the sufficiency of the State's evidence to prove the alleged offense. In *Woods*, the defendant was convicted of evading

4

arrest or detention. On appeal, Woods argued that the trial court erred in denying his pretrial motion to suppress because the arresting officer "had no reasonable suspicion to detain him." *Id.* at 414. In response, the State argued that the officer had reasonable suspicion to detain the defendant for further investigation as well as probable cause to arrest the defendant. The Texas Court of Criminal Appeals concluded that it was unnecessary to address either of the State's arguments because, "[b]y asking for the trial judge to suppress the arrest, and the details of his flight and evasion," the defendant "was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense," which is not a proper use of a motion to suppress. *Id.* at 415–16.

We conclude that appellant's pretrial motion to suppress was not a proper use of the motion to suppress for the same reason. Therefore, the trial court did not err in denying the motion to suppress appellant's detention as that was an element of the offense of evading arrest or detention.

### B. Appellant waived error with regard to admission of the cocaine.

Appellant also argues that the cocaine should be suppressed because it was discovered as a result of the chase and is fruit of the poisonous tree. Appellant did not preserve this issue for appeal. Although appellant raised suppression of the cocaine in his written motion to suppress, he specifically excluded the cocaine during the oral hearing on the motion to suppress. When the cocaine was admitted at appellant's subsequent trial, he stated that he had "[n]o objection."

An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial. *See Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013). Appellant, however, must also take care not to affirmatively indicate that he has "no objection" to the evidence that he challenged

5

in his pretrial motion to suppress when it is later offered at trial. *Id*. It has long been held that such an affirmative statement constitutes waiver of the right to raise on appeal the error that was previously preserved. S*ee id*. at 881–82. Appellant waived any complaint to the admission of the cocaine at trial.

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/ Ken Wise
Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

6