**Affirmed and Opinion Filed October 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00036-CR

### JAY MICHAEL ELLIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-82396-2015**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

This case involves providing false identification information to the police, and whether appellant's pre-trial motion to suppress challenging the legality of the detention was, in effect, an improper request that the judge rule on the legal detention element the offense. We conclude that the motion essentially sought such a ruling and was therefore improper, and the trial court did not err in denying the motion to suppress. We thus affirm the trial court's order.

### I. Background

Appellant was charged by information with committing the offense of "Failure to ID—False or Fictitious Info" under Texas Penal Code § 38.02 (b). Prior to trial, he filed a written motion to suppress, and the court held a hearing on the motion. The State stipulated that appellant had standing to raise this issue and that appellant's arrest was made without a warrant.

After hearing argument, the trial judge concluded that the lawfulness of detention issue was a question of law for the court, and the legal question was ripe for a suppression hearing. The State then offered the testimony of Plano Police Officer Demetrius Morris.

Morris testified that on March 12, 2015, he received a call from Jessica Roman, the manager of the Amber Vista Apartments. Roman reported that she had seen four juveniles walking around the apartment complex looking at a car. She knew they were not residents of the apartment complex and had no reason to be there, so she wanted to issue a criminal trespass warning.

While Officer Morris was en route on his bicycle, Roman continued watching the juveniles and informing him of their location. He met Roman at a convenience store near the apartment complex and detained the four juveniles there. Roman wanted to get their names and dates of birth for the criminal trespass warning forms. And he wanted to witness Roman informing them that they were not allowed back on the property. Morris was in full uniform, so there was no question that he was a police officer.

Two of the juveniles had forward facing fanny packs, and Morris though that was odd. He asked that they be removed because he had no idea what was inside them. Morris then asked the juveniles to write down their names and birthdates. Appellant told Morris that he had been arrested in the past, but Morris was unable to find any information about him. Appellant subsequently admitted that his birthdate was 1997 rather than 1999 as he originally indicated.

After hearing the evidence, the trial court denied the motion to suppress. The judge found that while there was no probable cause, the officer had reasonable suspicion for the stop because he was issuing a criminal trespass notice.

Appellant then reached an agreement with the State, pled guilty, and was placed on deferred adjudication probation, ordered to pay a $100 fine and court costs. The trial court certified appellant's right to appeal.

## II. Analysis

### A. Did the trial court err in denying the motion to suppress?

In a single issue on appeal, appellant argues the trial court erred by denying his motion to suppress because (i) the officer had no probable cause, (ii) the officer had no reasonable suspicion, (iii) the caller did not provide any information that would allow a reasonable officer to believe that appellant had engaged in any criminal activity, and (iv) appellant was harmed. The State responds that the trial court properly denied the motion to suppress because the motion improperly requested a pre-trial ruling on one of the elements of the offense. Alternatively, the State argues that the officer had reasonable suspicion to detain appellant.

### B. Standard of Review and Applicable Law

Appellate courts review a trial court's ruling on a motion to suppress for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). Under that standard, the record is "viewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We apply "a bifurcated standard, giving almost total deference to the historical facts found by the trial court and analyzing de novo the trial court's application of the law." *State v. Cuong Phu Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015). A trial court's ruling on the motion will be upheld if it is correct under any theory of law applicable to the case regardless of whether the trial court based its ruling on that theory. *Story*, 445 S.W.3d at 732.

Appellant was convicted of intentionally giving a false name to a police officer while being lawfully detained. The statute provides that: "A person commits an offense if he intentionally gives a false or fictitious name . . . to a peace officer who has . . . lawfully detained the person." TEX. PENAL CODE § 38.02(b). The purpose of § 38.02 is to ensure that officers receive accurate information by criminalizing the act of providing law enforcement with false identification. *Jones v. State* 396 S.W.3d 558, 562 (Tex. Crim. App. 2013).

C.     **Did appellant's motion seek an improper sufficiency of the evidence determination concerning an element of the offense?**

When the validity of a defendant's arrest or detention is an element of the offense, a suppression hearing is not appropriate. *See Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005).

The *Woods* case involved a motion to suppress an alleged illegal detention where the defendant was charged with evading arrest or detention. The court of criminal appeals concluded that the trial court lacked the authority to consider an element of the case outside of trial. *Id.* In so concluding, the court opined:

> By asking the trial judge to suppress the arrest . . . appellant was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense. The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case . . . .

*Id.*

Likewise, in *Green v. State*, No. 05-09-01142-CR, 2011 WL 768885, at *4 (Tex. App.—Dallas March 7, 2011, no pet.), this court concluded that a pre-trial motion to suppress challenging the reasonableness of the detention in an evading arrest case was an "improper attempt to test the sufficiency of the State's evidence to prove the alleged offense." *Id.*; *see also State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1995) (op. on reh'g) (accused cannot raise sufficiency of an element of the offense in a pretrial setting); *State v. Iduarte*, 268

–4–

S.W.3d 544, 552 (Tex. Crim. App. 2008) (purpose of a pre-trial motion is to address preliminary matters, not the merits of a case).

These principles apply here. Whether an individual has been lawfully detained is an element of the offense. *See* TEX. PENAL CODE § 38.02 (b). Thus, appellant's pre-trial motion was not the proper vehicle to challenge the sufficiency of the evidence to support this element, and the trial court did not err in denying the motion to suppress. We thus affirm the trial court's order.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160036F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAY MICHAEL ELLIS, Appellant

No. 05-16-00036-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-82396-2015.
Opinion delivered by Justice Whitehill. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.


Judgment entered October 6, 2016.