

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-23-00156-CR

The **STATE** of Texas,
Appellant

v.

Jonathan **COLIN-TAPIO**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2022CRB000752L1
Honorable Leticia Martinez, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 20, 2023

REVERSED AND REMANDED

The State appeals the trial court's order granting Jonathan Colin-Tapio habeas relief. We reverse and remand for further proceedings consistent with our opinion.

## BACKGROUND

As part of Operation Lone Star, Jonathan Colin-Tapio, a noncitizen, was arrested for trespassing on private property in Webb County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge on Fourth Amendment grounds. Specifically, Colin-Tapio argued the State lacked probable cause to arrest him for criminal trespass. At an evidentiary

hearing, Colin-Tapio presented evidence that the location of his arrest was not fenced-in. The trial court granted his requested relief. The State appeals.

## COGNIZABILITY

"The writ of habeas corpus is an extraordinary writ. Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Whether a claim is cognizable on pretrial habeas is a threshold issue that we must address first. *See Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 132 (Tex. App.—San Antonio 2023, no pet.).

Pretrial habeas corpus is available "only in very limited circumstances." *Ex parte Sheffield*, No. PD-1102-20, 2023 WL 4092747, at *5 (Tex. Crim. App. June 21, 2023); *Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016). As-applied challenges are generally not cognizable. *Sheffield*, 2023 WL 4092747, at *6. However, certain types of as-applied challenges may be raised by pretrial habeas where the rights underlying those claims would be effectively undermined if not vindicated before trial. *Id.* at *7; *Perry*, 483 S.W.3d at 896.

Colin-Tapio's habeas petition sought dismissal of his prosecution on the ground that officers lacked probable cause to arrest him for criminal trespass. Under Texas law, criminal trespass requires the State to establish, *inter alia*, that the defendant's entry onto the property of another was made with notice that the entry was forbidden. TEX. PENAL CODE § 30.05(a)(1). According to Colin-Tapio, the complaint was deficient of sufficient facts to support Colin-Tapio's continued restraint because nothing indicates notice to Colin-Tapio that entry was forbidden. However, the complaint facially stated, "We were then able to track and find seven male subjects [including Colin-Tapio] inside the property well beyond 100 ft. inside the property; the property also has barbed wire fencing all around the property." At the pretrial habeas evidentiary hearing, Colin-Tapio called one witness who testified to the lack of posted signage and visible fencing

around the area where Colin-Tapio was arrested. Colin-Tapio also admitted into evidence, without objection, photographs tending to show a lack of signage or fencing in that same area.

Colin-Tapio's habeas petition is predicated on a factual dispute regarding an element of the alleged offense—the presence (or lack) of fencing or signage providing notice that entry was forbidden. Such a factual dispute is precisely the type of claim appropriately vindicated at trial. *See Ex parte Edwards*, 663 S.W.3d 614, 616 (Tex. Crim. App. 2022) (pretrial habeas usually unavailable to test the sufficiency of a charging instrument); *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) ("[T]he statutes authorizing pre-trial proceedings do not contemplate a 'mini-trial' on the sufficiency of the evidence to support an element of the offense."). And if a jury ultimately returns a guilty verdict, Colin-Tapio may directly challenge on appeal the sufficiency of the evidence that his entry was forbidden. *See Weise*, 55 S.W.3d at 619 (appellate court should not entertain pretrial habeas when there is an adequate remedy by appeal). In other words, this case does not involve the type of constitutional right that would be effectively undermined if not vindicated prior to trial. *See Perry*, 483 S.W.3d at 896.

Moreover, appellate decision "would be premature before the State has had an opportunity to develop a complete factual record during a trial, and we are not aware of any authority that would require the State to prove its case before this time." *See Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006). Like the indictment in *Smith*, the information and complaint here are facially valid, and a review of the sufficiency of the evidence based on testimony presented at the evidentiary hearing would be premature. *See id.*

Colin-Tapio nevertheless asserts the State had an opportunity to present opposing evidence at the hearing and argues the State's failure to do so is fatal on appeal. We disagree. The State is not required to marshal evidence in support of an as-applied challenge to an element of a crime in pretrial habeas proceedings for the simple reason that a defendant does not have a cognizable claim

to challenge the element of a crime in pretrial habeas proceedings. In sum, because Colin-Tapio's claim is not cognizable in a pretrial habeas proceeding, the State had no burden to discharge at the pretrial habeas hearing.

Because Colin-Tapio's claim is not cognizable by pretrial writ of habeas corpus, we sustain the State's first issue. We need not reach the remainder of the State's issues.

### CONCLUSION

We reverse the trial court's order granting appellee's application for pretrial writ of habeas corpus and remand the cause to the trial court for further proceedings consistent with this opinion.

Lori I. Valenzuela, Justice

PUBLISH