

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00185-CR

_____

JALEN B. LANDERS, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 001471, Honorable Dan L. Schaap, Presiding

November 27, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jalen B. Landers, was charged by indictment with the offense of evading arrest or detention with a vehicle.[1] The trial court denied Appellant's pretrial motion to suppress evidence, and he was found guilty of the charged offense by a jury. Punishment was submitted to the court which, after finding two enhancement paragraphs true, imposed a sentence of confinement in prison of 35 years.

---

[1] See TEX. PENAL CODE ANN. § 38.04.

Through two issues on appeal, Appellant challenges the trial court's denial of his motion to suppress. We conclude the trial court did not err in denying Appellant's motion to suppress and affirm the judgment.

**Background**

On January 6, 2021, Texas Department of Public Safety Trooper Aaron Tarnutzer, while patrolling Interstate 40 west of Amarillo, received a report from Amarillo dispatch. The report was triggered by an automated license plate reader that reported the vehicle's owner was wanted on multiple outstanding arrest warrants. The vehicle in the photograph also did not match the one for which tags had been issued.

Trooper Tarnutzer identified the vehicle and initiated a traffic stop. The vehicle initially stopped, but as Tarnutzer approached, it fled the scene. A high-speed chase ensued, covering approximately sixty miles, and ended east of Claude, Texas, after law enforcement used spike strips to stop the vehicle. Appellant was identified as the driver.

Appellant was indicted for evading arrest or detention with a vehicle.[2] He filed a motion to suppress which alleged law enforcement's actions violated his rights as protected under the state and federal constitutions, and stated:

> A warrantless stop of Defendant was based solely on information obtained pursuant to an Automatic License Plate Reader. No observable traffic offense or other criminal activity was observed by the Texas Department of Public Safety trooper who initiated the initial traffic stop.

During the suppression hearing, Appellant's counsel argued the traffic stop was an unreasonable search and seizure because it was initiated solely based on a hit from an

---

[2] A second count charged Appellant with the offense of unauthorized use of a motor vehicle. On the morning of trial, the State abandoned that count.

2

automated license plate reader, absent any other criminal activity to justify the stop of Appellant's vehicle. Counsel argued that using an automated license plate reader as the sole basis for a traffic stop is unconstitutional because it treads on the individual's reasonable expectation of privacy as protected under the United States Constitution, the Texas Code of Criminal Procedure, and the Texas Constitution.

Trooper Tarnutzer was the sole witness testifying on behalf of the State. During cross-examination, he acknowledged that apart from the dispatch report triggered by the license plate reader, he observed no other factors about Appellant's vehicle that would independently justify a traffic stop. The trial court denied the motion to suppress.

**Analysis**

Via two issues which we consider jointly, Appellant argues the evidence at the suppression hearing was insufficient to support the trial court's ruling and that the unilateral use of a license plate reader does not provide reasonable suspicion to initiate a traffic stop. Citing *Woods v. State,*[3] the State counters that a motion to suppress is not an appropriate mechanism for challenging an element of the State's evading case, namely the legality of the initial detention. Therefore, the State posits that the trial court did not commit an error in denying Appellant's motion to suppress. We agree with the State.

The legality of the detention is an element of the offense of evading: "A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting *lawfully* to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (emphasis

---

[3] 153 S.W.3d 413 (Tex. Crim. App. 2005).

supplied); *Woods,* 153 S.W.3d at 415 n.8; *Rodriguez v. State,* No. 07-14-00407-CR, 2016 Tex. App. LEXIS 8494, at *4 (Tex. App.—Amarillo Aug. 8, 2016, pet. ref'd).  Because the legality of the stop was also a fundamental element of the charged offense, it would be inappropriate to resolve this question through a pretrial motion to suppress.  *See Lovington v. State,* No. 07-16-00109-CR, 2016 Tex. App. LEXIS 13215, at *3–5 (Tex. App.—Amarillo Dec. 13, 2016, no pet.) (mem. op., not designated for publication); *Pickens v. State,* 159 S.W.3d 272, 274 (Tex. App.—Amarillo 2005, no pet.) (observing when the accused is charged with evading arrest or detention "it is improper to request the trial court to rule upon a pretrial motion to suppress evidence when the movant questions the validity of the detention.").

We find our prior opinions, and that of *Woods*, to be instructive here.  "By asking for the trial judge to suppress the arrest, and the details of his flight and evasion of the detention . . . Appellant was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense."  *Woods,* 153 S.W.3d at 415.  Under such circumstances, "the issue should simply be litigated as part of the State's case at trial."  *York v. State,* 342 S.W.3d 528, 544 (Tex. Crim. App. 2011).  The trial court did not err in denying the motion to suppress.

Moreover, even if we were to conclude the parties continued litigating the suppression issue through trial, our determination would not be altered.  *See Gutierrez v. State,* 221 S.W.3d 680, 687 (Tex. Crim. App. 2007) ("when the parties subsequently re-litigate the suppression issue at the trial on the merits, we consider all evidence, from both the pre-trial hearing and the trial, in our review of the trial court's determination.").  Trial evidence established Appellant committed several traffic offenses after he fled the

4

stop of Trooper Tarnutzer and led law enforcement on a four-county high-speed chase. Law enforcement's pursuit of Appellant around Amarillo reached speeds "well over" one hundred miles an hour, as did the chase through downtown Claude, where the speed limit is 35 miles per hour. In turn, other pursuing troopers and officers witnessed these new offenses and took pursuit; they are independently documented in the dash cam videos admitted at trial. Witnessing these new offenses supplied reasonable suspicion to pursue and stop Appellant regardless of the legality of the initial stop. *See State v. Iduarte,* 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) (concluding the exclusionary rule does not "provide limitless protection" for individual to commit subsequent independent criminal acts that are causally disconnected from alleged illegality by state agent). *See also Massey v. State,* 667 S.W.3d 784, 789 (Tex. Crim. App. 2023) (discussing continuation of taint doctrine and observing that "if a defendant commits a new offense in response to police misconduct, the police misconduct will almost never result in suppression of evidence of the new offense that was committed in reaction or in response to it.").

Appellant's two issues are overruled.

## Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.

5