

# NUMBER 13-23-00489-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                         Appellant,

v.

JOSE VENTURA,                                                              Appellee.

## ON APPEAL FROM THE 93RD DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant, the State of Texas, appeals the trial court's order granting the pre-trial

motion to suppress evidence filed by appellee, Jose Angel Cavazos Ventura. *See* TEX.

CODE CRIM. PROC. ANN. art. 44.01(a)(5). In one issue, the State argues that the trial court erred in granting Ventura's motion to suppress because the issue of the legality of the attempt to arrest or detain him goes to an element of the offense for which he was indicted, namely, evading arrest or detention with a vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(1)(B). We reverse and remand.

## I. BACKGROUND

In a one count-indictment, Ventura was charged with evading arrest or detention with a vehicle, a state jail felony. *See id.*[1] Ventura filed a motion to suppress arguing that the initial attempt to arrest or detain him was illegal, and requesting the suppression of: (1) "[a]ny and all tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of [Ventura]"; (2) "[t]he arrest of [Ventura] at the time and place in question and any and all evidence which relates to the arrest"; and (3) "[a]ll written and oral statements made by [Ventura] to any law enforcement officers or others in connection with this case."

At the suppression hearing, defense counsel argued that the basis for attempting to stop Ventura was a "failure to stop at a designated point, and that's the basis of everything else that occurred." When asked by the State to specify what evidence Ventura was moving to suppress, defense counsel stated, "we're going specifically to the basis of the stop . . . the basis of the offense, the traffic offense that initiated the entirety of this charge which is the failure to stop at a designated point." After putting on its evidence, the

---

[1] The indictment includes enhancement paragraphs not relevant to this appeal.

State argued to the trial court that suppression would not be appropriate under *Woods v. State*, 153 S.W.3d 413 (Tex. Crim. App. 2005), because the legality of the attempt to arrest or detain Ventura pertained to an element of the offense alleged in the indictment and Ventura was "asking [the trial court] to . . . make a determination that belongs to the jury whether or not there was an element of the offense that the State didn't meet." At the conclusion of the suppression hearing, the trial court took the motion under advisement and later issued an order granting Ventura's motion in full. This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

"We review a trial court's ruling on a motion to suppress under a bifurcated standard." *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020) (citing *Weems v. State*, 493 S.W.3d 574, 577 (Tex. Crim. App. 2016)). "We afford almost total deference to a trial court's findings of historical fact and determinations of mixed questions of law and fact that turn on credibility and demeanor if they are reasonably supported by the record." *Id*. (citing *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019)). "We review de novo a trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor." *Id*. (citing *Sims*, 569 S.W.3d at 640). "The trial court's ruling will be sustained if it is correct on any applicable theory of law and the record reasonably supports it." *Id*. at 57–58 (citing *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019)).

"A suppression hearing is for the limited purpose of addressing preliminary matters, not the merits of the case itself, and it may not be used to decide the sufficiency of the evidence to support an element of the offense." *Gonzalez v. State*, 501 S.W.3d

3

283, 286 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (first citing *State v. Iduarte*, 268 S.W.3d 544, 551–52 (Tex.Crim.App.2008); and then citing *Woods*, 153 S.W.3d at 415). The Texas Court of Criminal Appeals has held that "when the validity of an arrest or detention is an element of the charged offense, litigating the validity of the seizure as a suppression issue is inappropriate. Instead, the issue should simply be litigated as part of the State's case at trial." *York v. State*, 342 S.W.3d 528, 544 (Tex. Crim. App. 2011) (citing *Woods*, 153 S.W.3d at 415). "In *Woods*, for example, the [C]ourt of [C]riminal [A]ppeals concluded that the defendant could not use a motion to suppress to challenge the legality of his detention in connection with a prosecution for evading arrest or detention, an element of which requires that the attempt to arrest or detain him be lawful." *Gonzalez*, 501 S.W.3d at 286 (citing *Woods*, 153 S.W.3d at 415).

### III.  DISCUSSION

Ventura was indicted for evading arrest or detention with a vehicle, *see* TEX. PENAL CODE ANN. § 38.04(b)(1)(B), the very statute at issue in *Woods*. *See Woods*, 153 S.W.3d at 413. A person is guilty of evading arrest or detention with a vehicle when he "(1) intentionally (2) flees (3) from a person (4) he knows is a peace officer (5) *attempting to lawfully arrest or detain him* and (6) the actor uses a vehicle while in flight[.]" *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (emphasis added). As in *Woods*, to sustain a conviction here the State would need to prove beyond a reasonable doubt that the attempt to arrest or detain Ventura was lawful. 153 S.W.3d at 415. As in *Woods*, by filing his motion to suppress based on the alleged illegality of the stop, Ventura is essentially asking the trial court to find that the State cannot prove an element of the

4

offense for which he was indicted, and by "asking the court to suppress evidence of the arrest itself as the product of an unlawful detention[, Ventura is] in effect asking the trial judge to rule on the ultimate question of the case." *Id*. at 415 n.9.

In his brief, Ventura seems to concede that precedent would preclude suppression of the evidence based on the alleged illegality of the stop. Instead, Ventura argues that "much of the relief sought was for the suppression of evidence obtained post detention/arrest." "Specifically, the suppression of any evidence obtained post detention/arrest that could conceivably support the claim of evading arrest and evidence of any other offenses for which lawful detention is not an element of the charged offense such as the possession of a controlled substance."

Ventura fails to provide any authority that would permit us to apply *Woods* to exclude only evidence obtained post arrest or detention as requested, or that would permit us to disregard *Woods* simply because the State *could have* charged Ventura with offenses outside the scope of its holding. *See* TEX. R. APP. P. 38.1(i); *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) ("An appellate court has no obligation to construct and compose an appellant's issues, facts, and arguments with appropriate citations to authorities and to the record." (cleaned up)); *Briceno v. State*, 675 S.W.3d 87, 96 (Tex. App.—Waco 2023, no pet.) (finding waiver where appellant "inadequately briefed" an issue).

As to Ventura's suggestion that *Woods* permits exclusion of "evidence obtained post detention/arrest that could conceivably support the claim of evading arrest," such a claim is also foreclosed by *Woods* itself. By premising the suppression of post detention

5

or arrest evidence on the proposition that the attempt to arrest or detain him was illegal, Ventura is asking that the trial court litigate "the sufficiency of the evidence to support an element of the offense," the very determination that *Woods* prohibits. 153 S.W.3d at 415; *see York*, 342 S.W.3d at 544 (noting that "when the validity of an arrest or detention is an element of the charged offense, litigating the validity of the seizure as a suppression issue is inappropriate"); *State v. Villegas*, 506 S.W.3d 717, 733 (Tex. App.—El Paso 2016, pet. dism'd) (noting that "*Woods* deals with a specific subset of fact-specific, idiosyncratic suppression orders so enmeshed with the merits of the case-in-chief that the suppression question could not be resolved pre[-]trial, . . . because it would require the trial court to make a finding that evidence underpinning an element of the offense was legally insufficient (*i.e.*, implicitly rule on guilt or innocence)"); *see also Day v. State*, 614 S.W.3d 121, 129 (Tex. Crim. App. 2020) (holding that "the evading arrest statues does not incorporate exclusionary rule principles," and noting that "a fruit-of-the-poisonous-tree argument [is] an application of an exclusionary rule principle that is not incorporated into the phrase 'attempting lawfully to arrest or detain'"). Rather, regardless of how the requested relief is framed, the offense-constitutive issue of the legality of the attempt to arrest or detain Ventura should be left to the jury and "should simply be litigated as part of the State's case at trial." *York*, 342 S.W.3d at 544; *see Woods*, 153 S.W.3d at 415; *Gonzalez*, 501 S.W.3d at 286 (citations omitted).

Accordingly, upon our de novo review, we conclude that the issue of the legality of the attempt to arrest or detain Ventura was improperly raised in a pre-trial motion to suppress evidence and that the trial court erred in granting the motion. *See Woods*, 153

6

S.W.3d at 415–16; *Gonzalez*, 501 S.W.3d at 286. We sustain the State's sole issue.

## IV.   CONCLUSION

We reverse the order of the trial court and remand to the trial court for further proceedings consistent with this memorandum opinion.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of July, 2024.