**Opinion issued February 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00264-CR

———————————

**ADERNE NICKERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1826426**

---

## MEMORANDUM OPINION

Appellant, Aderne Nickerson, was indicted for evading arrest or detention in a vehicle. *See* TEX. PENAL CODE § 38.04(a), (b)(2)(A). Nickerson filed a pretrial motion to suppress, arguing that the underlying traffic stop was illegal. After the trial court denied the motion, Nickerson pleaded guilty to the offense.

On appeal, Nickerson contends the trial court erred in denying his motion to suppress because, he says, the police officers lacked reasonable suspicion to initiate the traffic stop. He argues that this rendered the stop and subsequent detention unlawful.

Under binding precedent, however, "a pretrial motion to suppress is not a proper way to challenge the legality of an arrest in a prosecution for evading arrest because the 'lawful detention' portion of the statute is an element of the offense." *Day v. State*, 614 S.W.3d 121, 125 (Tex. Crim. App. 2020) (citing *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)). Instead, where—as here—a lawful detention is an element of the crime, the State must prove at trial, beyond a reasonable doubt, that the detention was lawful—and the State's failure to do so would result in acquittal of the defendant. *Id.*

That law decides this appeal. Applying that precedent, the trial court did not err in denying Nickerson's motion to suppress.

## BACKGROUND

Houston Police Officers initiated a traffic stop of Nickerson. One officer approached Nickerson's driver's side, and a brief interaction ensued during which the officer told Nickerson he was stopped "because you ran that stop sign." The officer requested that he roll down the windows and directed him to step out of the car. Within a few seconds of initial contact, Nickerson drove away from the scene.

2

Nickerson was later indicted for evading arrest or detention with a vehicle. *See* TEX. PENAL CODE § 38.04(a), (b)(2)(A). Nickerson filed a pretrial motion to suppress. After a hearing, the trial court denied the motion. Nickerson appealed.

**DISCUSSION**

The trial court did not err in denying Nickerson's motion to suppress. In an analogous circumstance, the Court of Criminal Appeals previously concluded that a defendant could not use a motion to suppress to challenge the legality of his detention in connection with a prosecution for evading arrest or detention. *See Woods*, 153 S.W.3d at 415; *see also York v. State*, 342 S.W.3d 528, 544 (Tex. Crim. App. 2011) ("[W]hen the validity of an arrest or detention is an element of the charged offense, litigating the validity of the seizure as a suppression issue is inappropriate. Instead, the issue should simply be litigated as part of the State's case at trial." (footnote omitted) (citing *Woods*, 153 S.W.3d at 415)).[1]

That precedent controls. Nickerson was indicted for evading arrest or detention with a vehicle, the very statute at issue in *Woods*. *See* TEX. PENAL CODE § 38.04(a); *Woods*, 153 S.W.3d at 415. The legality of the detention is an element of

---

[1]     *See also Hernandez v. State*, __ S.W.3d __, __, No. PD-0176-25, 2025 WL 3693534, at *9 (Tex. Crim. App. Dec. 19, 2025) (McClure, J., concurring) ("When the lawfulness of a detention is an element of the offense itself, there is no pretrial opportunity for the trial court to weigh in on the reasonable suspicion determination. This is because the lawfulness of a detention cannot be brought up in a pretrial suppression motion when the detention's lawfulness is an element of the offense." (citing *Woods*, 153 S.W.3d at 415)).

the offense of evading: "A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting *lawfully* to arrest or detain him." TEX. PENAL CODE § 38.04(a) (emphasis added); *accord Woods*, 153 S.W.3d at 415 & n.8; *see also Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (a person is guilty of evading arrest or detention with a vehicle when he "(1) intentionally (2) flees (3) from a person (4) he knows is a peace officer (5) *attempting to lawfully arrest or detain him* and (6) the actor uses a vehicle while in flight" (emphasis added)).

As in *Woods*, at trial, the State here would have needed to prove beyond a reasonable doubt that the attempt to arrest or detain Nickerson was lawful. *See Woods*, 153 S.W.3d at 415. And as in *Woods*, Nickerson essentially asked the trial court to find in the motion to suppress that the State could not prove that element of the offense for which he was indicted. Yet this is precisely the determination that *Woods* and its progeny deemed inappropriate. *See id.*; *see also York*, 342 S.W.3d at 544 (noting that "when the validity of an arrest or detention is an element of the charged offense, litigating the validity of the seizure as a suppression issue is inappropriate"); *Day*, 614 S.W.3d at 129 (same).

Other decisions are in accord. *See, e.g.*, *State v. Ventura*, No. 13-23-00489-CR, 2024 WL 3533411, at *2–3 (Tex. App.—Corpus Christi–Edinburg July 25, 2024, no pet.) (mem. op., not designated for publication) (trial court erred in granting

4

defendant's motion to suppress because legality of attempt to arrest or detain goes to element of evading arrest or detention with a vehicle to be proved at trial); *Landers v. State*, No. 07-23-00185-CR, 2023 WL 8199650, at *2 (Tex. App.—Amarillo Nov. 27, 2023, no pet.) (mem. op., not designated for publication) (trial court did not err in denying motion to suppress because legality of stop was element of charged evading offense); *see also Gonzalez v. State*, 501 S.W.3d 283, 286 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (applying *Woods* and holding defendant could not challenge lawful detention element of charged offense in pretrial motion to suppress).

Under binding and settled precedent, it would have been inappropriate to resolve the legality of the stop here through a pretrial motion to suppress. *See Woods*, 153 S.W.3d at 415; *York*, 342 S.W.3d at 544; *Day*, 614 S.W.3d at 129. Instead, the legality of the stop was to "be litigated as part of the State's case at trial." *Day*, 614 S.W.3d at 129. Accordingly, the trial court did not err in denying Nickerson's motion to suppress, and we overrule his sole issue.

## CONCLUSION

We affirm the trial court's judgment.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).